# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

MOHAMMAD ABDULRAHIMZAI,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 2:21-cv-00669-RSM

ORDER

This matter comes before the Court on the Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. #19.

Under EAJA, the Court must award attorney's fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). EAJA creates a presumption that fees will be awarded to a prevailing party, but Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995). Rather, the Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v.*

ORDER FOR EAJA FEES - 1

*Underwood*, 487 U.S. 552, 566 (1992). The decision to deny EAJA attorney's fees is within the discretion of the court. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Attorneys' fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

This Motion is timely. Furthermore, upon review of the motion and the record, the Court determines that Plaintiff is the prevailing party and the Government's position was not substantially justified.

However, the Court has determined that the requested amount is not reasonable. Plaintiff requests $6,348.07 in attorney's fees, subject to any offset allowed under the Treasury Offset Program. Dkt. #19. This amount reflects 29.7 hours of work, including 7.2 hours for "review of transcript," 10.8 hours drafting the opening brief, 3.7 hours reviewing the Response brief, and 6.3 hours researching and drafting the Reply brief. Dkt. #19-1.

The Government points out that Plaintiff's counsel filed the same opening brief in this Court that he submitted to SSA's Appeals Council in October 2020 during agency proceedings. Dkt. #20 at 3 ("The briefs are identical to each other, aside from an issue and procedural history section and a few word and transcript-cite modifications…. In both briefs, he makes the same arguments, cites the same cases, and even duplicates the same sentences, so there is no justification for 18 more hours of reviewing the transcript, researching, and drafting his federal court brief"). The Court has reviewed the two briefs and agrees. Plaintiff has no substantive reply to this accusation, other than to say that he went through the transcript line-by-line and that every statement in his opening brief was "re-analyzed and checked in the record before submission." Dkt. #21 at 2.

ORDER FOR EAJA FEES - 2

Plaintiff's counsel has failed to explain why he needed to spend 7.2 hours reviewing the transcript line-by-line. This certainly seems like a waste of attorney time. His claim to have spent over 10 hours re-analyzing his own prior briefing, only to submit a nearly identical brief, strains credibility. Given the record, the Court agrees with the Government that the reformatting and procedural history additions could have been accomplished in a single hour. The Court will thus reduce Plaintiff's EAJA fee request by 17 hours.

The Government next maintains that 3.7 hours reviewing the Response brief and 6.3 hours drafting the Reply brief are unreasonable. Dkt. #20 at 4. The Court does not have a clear basis to reduce these hours, but agrees with the Government that this is an unusually large amount of time given the short Reply brief submitted by counsel.

The new total award is based on 12.7 hours multiplied by the rate of $213.74.

For the reasons set forth above, the Court ORDERS that Plaintiff's motion, Dkt. #19, is GRANTED in part. The Court awards Petitioner fees in the amount of $2,714.50, to be paid by Defendant. Defendant is to coordinate with Plaintiff's counsel for the best method to make this payment.

DATED this 16th day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER FOR EAJA FEES - 3